1

2

3

4

5       UNITED STATES DISTRICT COURT2:12-cv-00502

6       EASTERN DISTRICT OF WASHINGTON

7   RANDALL S. BRILLON,

8                    Plaintiff,          NO:  CV-12-040-RMP

        v.
9                                        ORDER GRANTING PLAINTIFF'S
                                         MOTION FOR SUMMARY
    CAROLYN W. COLVIN, Acting            JUDGMENT AND REMANDING
10  Commissioner of Social Security,

11                   Defendant.

12

13          Before the Court are cross-motions for summary judgment, ECF Nos. 14,

14  23.  The Court has reviewed the motions, the memoranda in support, the Plaintiff's

15  reply memorandum, the administrative record, and is fully informed.

16                              **JURISDICTION**

17          Plaintiff Randall Brillon filed applications for Supplemental Security

18  Income ("SSI") and Social Security Disability Insurance ("SSDI") on November

19  20, 2008.  (Tr. 20, 143-45, 146-54.)  Plaintiff initially alleged an onset date of

20  January 10, 2000, in both applications.  (Tr. 143, 148.)  However, the Plaintiff

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING ~ 1

orally amended his onset date to June 22, 2008.  (Tr. 44.)  Benefits were denied

initially and on reconsideration.  On June 18, 2009, Plaintiff timely requested a

hearing before an administrative law judge ("ALJ").  (Tr. 111-12.)  A hearing was

held before ALJ Moira Ausems on April 14, 2010.  (Tr. 41-85.)    At that hearing,

testimony was taken from vocational expert K. Diane Kramer; the claimant, Mr.

Brillon, and the claimant's mother, Sandy Brillon.  (Tr. 41.)  Plaintiff was

represented by attorney Dana Madsen.  (Tr. 41.)  On August 6, 2010, ALJ Ausems

issued a decision finding Plaintiff not disabled.  (Tr. 20-31.)  The Appeals Council

denied review.  (Tr. 1-3.)  This matter is properly before this Court under 42

U.S.C. § 405(g).

### STATEMENT OF THE CASE

The facts of this case are set forth in the administrative hearing transcripts

and record and will only be summarized here.  The Plaintiff was thirty-four years

old when he applied for benefits and was thirty-six years old when ALJ Ausems

issued her decision.  The Plaintiff currently is unemployed and lives alone.  The

Plaintiff last worked as an apartment manager but was terminated for reasons

unknown to him.  (Tr. 344.)  The Plaintiff describes myriad conditions that keep

him from finding employment, including back pain, migraine headaches, asthma,

anxiety, depression, and ADHD.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING ~ 2

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision.  42 U.S.C. § 405(g).  A court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)).  "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence."  *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance.  *McCallister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989) (citing *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988)).  Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).  On review, the court considers the record as a whole, not just the evidence supporting the decisions of the Commissioner.  *Weetman v. Sullivan*, 877

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING ~ 3

F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making a decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if his impairments are of

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING ~ 4

such severity that Plaintiff is not only unable to do his previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).  Thus, the definition of disability consists of both medical and vocational components.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled.  20 C.F.R. §  416.920.  Step one determines if he or she is engaged in substantial gainful activities.  If the claimant is engaged in substantial gainful activities, benefits are denied.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *see also* 20

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING ~ 5

C.F.R. § 404, Subpt. P, App. 1.  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If the plaintiff is able to perform his or her previous work, the claimant is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation.  The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING ~ 6

national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ALJ'S FINDINGS

ALJ Ausems found that the Plaintiff met the insured status requirement through December 31, 2010. (Tr. 22.) At step one of the five-step sequential evaluation process, the ALJ found that Plaintiff has not engaged in substantial gainful activity since June 22, 2008, the amended date of onset. (Tr. 22.) At step two, the ALJ found that Plaintiff had the severe impairments of: (1) mild lumbar degenerative disc disease and degenerative joint disease, (2) cervical degenerative joint disease with associated headaches, (3) degenerative joint disease of the knees, (4) pain disorder, (5) depression with anxiety, (6) personality disorder, and (7) cannabis dependence. (Tr. 22-23.) The ALJ found that none of the Plaintiff's impairments, taken alone or in combination, met or medically equaled any of the impairments listed in Part 404, Subpart P, Appendix 1 of 20 C.F.R. (Tr. 23-25.)

The ALJ determined that the Plaintiff had the RFC to life twenty pounds occasionally and ten pounds frequently subject to a variety of non-exertional limitations, including limits to sitting and standing, limits to certain postural activities, limits to public and coworker contact, and a finding that the Plaintiff could engage in only unskilled or lower semi-skilled tasks. (Tr. 25-29.) Based on these limitations, the ALJ found that claimant could not perform any relevant past

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING ~ 7

work.  (Tr. 29.)  At step five, the ALJ, relying on a vocational expert, found that the Plaintiff could perform jobs that exist in significant numbers in the national economy.  (Tr. 29-31.)  Accordingly, the ALJ found that the Plaintiff was not under a disability for purposes of the Act.  (Tr. 31.)

### ISSUES

Plaintiff argues that the ALJ erred by (1) finding the Plaintiff's subjective complaint testimony not credible and (2) insufficiently addressing the opinions of William M. Shanks, M.D., and Dennis R. Pollack, Ph.D.

### DISCUSSION

**Credibility Determination**

When the ALJ finds a claimant's statements as to the severity of impairments, pain, and functional limitations are not credible, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude the ALJ did not arbitrarily discredit claimant's allegations.  *Thomas*, 278 F.3d at 958-959; *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc).  It is well settled, however, that an ALJ cannot be required to believe every allegation of disabling pain, even when medical evidence exists that a claimant's condition may produce pain.  "Many medical conditions produce pain not severe enough to preclude gainful employment."  *Fair v. Bowen*, 885 F.2d 597, 603(9th Cir. 1989).  Although an adjudicator may not reject a claimant's extreme symptom

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING ~ 8

complaints solely on a lack of objective medical evidence, medical evidence is a relevant factor to consider.   SSR 96-7p.

If there is no affirmative evidence that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's symptom testimony.  *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  The ALJ engages in a two-step analysis in deciding whether to admit a claimant's subjective symptom testimony. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007); *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).  Under the first step, the ALJ must find the claimant has produced objective medical evidence of an underlying "impairment," and that the impairment, or combination of impairments, could reasonably be expected to cause "some degree of the symptom." *Lingenfelter*, 504 F.3d at 1036.  Once the first test is met, the ALJ must evaluate the credibility of the claimant and make specific findings supported by "clear and convincing" reasons.  *Id.*

In addition to ordinary techniques of credibility evaluation, the ALJ may consider the following factors when weighing the claimant's credibility: the claimant's reputation for truthfulness; inconsistencies either in his allegations of limitations or between his statements and conduct; daily activities and work record; and testimony from physicians and third parties concerning the nature, severity,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING ~ 9

and effect of the alleged symptoms.  *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997); *Fair*, 885 F.2d at 597 n.5.

The ALJ may also consider an unexplained failure to follow treatment recommendations and testimony by the claimant "that appears less than candid." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).  As explained by the Commissioner in a policy ruling, the ALJ need not totally reject a claimant's statements; he or she may find the claimant's statements about pain to be credible to a certain degree, but discount statements based on his interpretation of evidence in the record as a whole.  SSR 96-7p.  The ALJ may find a claimant's abilities are affected by the symptoms alleged, but "find only partially credible the individual's statements as to the extent of the functional limitations." *Id.*

Although credibility determinations are the province of the ALJ, and "the court may not engage in second-guessing," *Thomas*, 278 F.3d at 959, the court has imposed on the Commissioner a requirement of specificity.  *Connett v. Barnhart*, 340 F.3d 871, 873 (9th Cir. 2003); Dodrill v. Shalala, 12 F.3d 915, 917 (9th Cir. 1993).  Even if the record includes evidence to support a credibility determination, the reasons must be articulated with specificity by the ALJ in his decision.  The court cannot infer lack of credibility or affirm credibility findings "based on evidence the ALJ did not discuss." *Connett*, 340 F.3d at 874.  Further, the

1   reviewing court cannot make independent findings to support the ALJ's decision.

2   *Id.*

3         Mr. Brillon testified that he suffers migraine headaches "at least once a

4   week" that last from two hours to three days.  (Tr. 71.)  These migraines require

5   Mr. Brillon to seek complete darkness and have caused him to vomit.  (Tr. 71.)

6   Mr. Brillon also testified that he could sit down for only about thirty to forty

7   minutes at a time and that he could stand for ten to twenty minutes.  (Tr. 73.)  Mr.

8   Brillon asserts that he can walk only two to three blocks from his home before he

9   must stop and return.  (Tr. 73.)  Mr. Brillon testified that he cannot bend over

10   because the pain is too severe and squatting also hurts his back.  (Tr. 73-74.)  Mr.

11   Brillon described very limited sleep and that he can only "sleep for about an hour"

12   due to his back pain.  (Tr. 75.)  This requires him to nap frequently throughout the

13   day.  (Tr. 75.)

14         ALJ Ausems found that Mr. Brillon's medically determinable impairments

15   could reasonably be expected to cause Mr. Brillon's symptoms.  (Tr. 25.)  As there

16   is no finding of malingering, the ALJ's adverse credibility finding will be upheld

17   only if it is supported by clear and convincing reasons.

18         ALJ Ausems provided several reasons for finding Mr. Brillon's subjective

19   symptomology testimony not credible.  ALJ Ausems noted that despite testimony

20   alleging severe restrictions on movement, Mr. Brillon's examining doctors noted

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING ~ 11

no visible difficulty walking, no difficulty rising from a seated position, no difficulty removing and replacing shoes and socks, no difficulty moving from a prone to standing position, and no difficulty sitting for an extended period without fidgeting. (Tr. 267, 272-75, 329, 341.) Furthermore, the ALJ noted that despite complaining about extreme disruptions to his sleep and debilitating headaches, the record is devoid of any complaints to his medical providers that match this severity.

ALJ Ausems also found that the subjective testimony was not consistent with Mr. Brillon's daily activities. Of particular importance is the fact that after the amended onset date, Mr. Brillon worked as an apartment manager, which required him to sweep, mop, and pick up garbage. (Tr. 272.) While Mr. Brillon reported that he could no longer manage the yard work responsibilities of his position, he made no such complaints about his custodial duties. (Tr. 272.) Mr. Brillon lives alone and is responsible for all his own needs, including cooking, cleaning, and laundry. (Tr. 272.) Despite the fact that Mr. Brillon states that he is limited to sitting for only thirty or forty minutes, when asked how he spends his time he states that he "usually sit[s] and watch[es] a lot of TV, play[s] on the internet." (Tr. 77.) Finally, ALJ Ausems also noted that Mr. Brillon had a very poor work history in his lifetime even prior to the alleged onset date. (Tr. 27.) Poor work history is an appropriate factor in considering a person's credibility.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING ~ 12

*Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).  Taken together, these bases form clear and convincing reasons to support the ALJ's adverse credibility finding.  Accordingly, the ALJ did not err in rejecting Mr. Brillon's subjective testimony.

**Medical Evidence**

Mr. Brillon argues that ALJ Ausems erred in failing to provide adequate reasons for ascribing little weight to Dr. Shanks and Dr. Pollack.  In evaluating a disability claim, the adjudicator must consider all medical evidence provided.  A treating or examining physician's opinion is given more weight than that of a non-examining physician.  *Benecke v. Barnhart,* 379 F.3d 587, 592  (9th Cir. 2004).  If the treating physician's opinions are not contradicted, they can be rejected by the decision-maker only with clear and convincing reasons.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).  If contradicted, the ALJ may reject the opinion with specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv*., 44 F.3d 1453, 1463 (9th Cir. 1995).  In addition to medical reports in the record, the testimony of a non-examining medical expert selected by the ALJ may be helpful in her adjudication.  *Andrews,* 53 F.3d at 1041 *(citing Magallanes v. Bowen,* 881 F.2d 747, 753 (9th Cir. 1989). Testimony of a medical expert may serve as substantial evidence when supported by other evidence in the record. *Id.*

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING ~ 13

Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding the treating physician's opinion. *Flaten*, 44 F.3d at 1463-64; *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir 1989). The ALJ need not accept a treating source opinion that is "brief, conclusory and inadequately supported by clinical finding." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1044-45 (*citing Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)). Where an ALJ determines a treating or examining physician's stated opinion is materially inconsistent with the physician's own treatment notes, legitimate grounds exist for considering the purpose for which the doctor's report was obtained and for rejecting the inconsistent, unsupported opinion. *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996.) Rejection of an examining medical source opinion is specific and legitimate where the medical source's opinion is not supported by his or her own medical records and/or objective data. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

### Dr. Shanks

Dr. Shanks noted that Mr. Brillon had limited motion and some diminished sensation in his left hand and in his left lower extremity. (Tr. 303.) Dr. Shanks also identified tenderness in Mr. Brillon's knees and narrowing of the joints that

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING ~ 14

1   was visible on x-rays.  (Tr. 304.)  Dr. Shanks opined that Mr. Brillon was "not able

2   to stand or walk for any extended period of time" and that "[h]e would be

3   significantly restricted in his physical activities."  (Tr. 305.)

4       ALJ Ausems gave Dr. Shanks' opinion "little weight."  (Tr. 27.)  Dr. Shanks

5   is an examining physician.  When an examining physician's opinion is uncontested

6   in the record, an ALJ may reject that opinion only by providing clear and

7   convincing reasons supported in the record.  *Lester*, 81 F.3d at 830.  If

8   contradicted, however, the ALJ may reject the opinion with specific, legitimate

9   reasons that are supported by substantial evidence. *See Flaten*, 44 F.3d at 1463.

10      In this case, the opinion of Dr. Shanks was contradicted by consultative

11  examiner A. Peter Weir, M.D.  Dr. Weir examined the Plaintiff and observed no

12  diminished sensation in any extremity.  Dr. Weir opined that Mr. Brillon "has

13  minimal, if any, physical limitations" and that his "ability to stand, walk, and sit

14  throughout an eight-hour period is not restricted."  (Tr. 275.)  ALJ Ausems gave

15  Dr. Weir's opinion great weight.  (Tr. 27.)

16      Dr. Shanks' opinion was also contradicted by Disability Determination

17  Services ("DDS") evaluating physician Howerd Platter, M.D.  Dr. Platter found

18  that Mr. Brillon was only mildly limited in his exertional level.  (Tr. 276.)  Dr.

19  Platter noted that Mr. Brillon's x-rays show mild spondylolisthesis that would not

20  be expected to cause the degree of symptoms relayed by Mr. Brillon.  (Tr. 282.)

1    ALJ Ausems gave little weight to Dr. Shanks' opinion because it

2    contradicted the direct observations of Dr. Weir and consultative psychologist

3    Joyce Everhart, Ph.D. (Tr. 27.) Dr. Weir noted that Mr. Brillon performed a

4    variety of physical movements without apparent pain or difficulty. (Tr. 272-74.)

5    Dr. Everhart noted that Mr. Brillon sat throughout the consultative examination

6    without moving about and without evidence of pain. (Tr. 267.)

7    ALJ Ausems also noted that Dr. Shanks' conclusion appeared to rest on Mr.

8    Brillon's self-reported symptomology. Mr. Brillon challenges this basis for

9    discounting Dr. Shanks' opinion by pointing out that Dr. Shanks both examined

10   the Plaintiff and took x-rays of the Plaintiff. However, nowhere does Dr. Shank

11   report any objective evidence of the occurrence of pain during the examination.

12   Instead, all incidents of pain are reports by Mr. Brillon. (Tr. 302-04.) As it is the

13   pain that allegedly limits Mr. Brillon's exertion level, Dr. Shanks' opinion does

14   rest substantially upon the subjective complaints of Mr. Brillon. As the ALJ found

15   that Mr. Brillon's subjective testimony was not credible, the ALJ could reasonably

16   discount Dr. Shanks' opinion as being based on non-credible testimony. *Flaten*, 44

17   F.3d at 1463-64.

18   Mr. Brillon argues that it was error for the ALJ to prefer the opinion of Dr.

19   Weir over Dr. Shanks because Dr. Shanks had access to updated x-rays and Dr.

20   Shanks is an orthopedist. First, Dr. Shanks noted that the x-rays showed no change

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING ~ 16

from the x-rays that Dr. Weir reviewed.  (Tr. 304.)  As to Dr. Shanks' specialty,

Mr. Brillon is correct that a specialist is generally entitled to more weight than a

medical source who is not a specialist.  20 C.F.R. § 1527(c)(5).  However, the law

does not command an ALJ to accept the opinion of a specialist over the opinion of

a generalist.  *See id.*  Even taking into account Dr. Shanks' specialty, the Court

finds that ALJ Ausems provided specific and legitimate reasons for preferring the

opinions of Dr. Weir and Dr. Platter over the opinion of Dr. Shanks, and those

reasons were supported by substantial evidence in the record.

### *Dr. Pollack*

Dr. Pollack examined Mr. Brillon and opined that Mr. Brillon had marked

limitations in his ability to perform activities within a schedule, maintain regular

attendance, and be punctual and in his ability to complete a normal workweek

without interruptions by psychologically based symptoms or perform at a

consistent pace without an unreasonable number or length of rest periods.  (Tr.

350)  Dr. Pollack further found moderate limitations in Mr. Brillon's ability to

accept instruction and respond appropriately to criticism from a supervisor. (Tr.

350.)

As with Dr. Shank's opinions, Dr. Pollack's opinion is contradicted by other

evidence in the record.  Mr. Brillon was examined by Dr. Everhart, who opined

that Mr. Brillon "remains on task" and "does not appear easily distracted."  (Tr.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING ~ 17

267.)  She found that he had good persistence.  (Tr. 267.)  Dr. Everhart also noted a

lack of psychological decompensation.  (Tr. 267.)  DDS reviewing psychologist,

Rita Flanagan, Ph.D., found that Mr. Brillon had no significant limitation in any

area of functioning except for moderate limitations in Mr. Brillon's ability to

interact appropriately with the public and Mr. Brillon's ability to accept

instructions and respond appropriately to criticism from supervisors.  (Tr. 285.)

Accordingly, Dr. Flanagan explicitly contradicts Dr. Pollack's findings of marked

limitations.  *Compare* (Tr. 284-85.) *with* (Tr. 350.)  It must be noted, however, that

Dr. Pollack and Dr. Flanagan both describe Mr. Brillon as moderately limited in

his ability to handle criticism from a supervisor.  However, as Dr. Flanagan

explains in her narrative, Mr. Brillon "is able to respond appropriately to firm but

fair feedback from supervisors."  (Tr. 286.)

Because there is a conflict between the medical opinions in the record, the

ALJ can reject an examining medical provider's opinion by providing specific and

legitimate reasons supported by substantial evidence in the record.  ALJ Ausems

discounted Dr. Pollack's opinion because the limitations are "not supported by any

objective medical evidence and appear to be based heavily on the claimant's

subjective allegations."  (Tr. 28.)  Additionally, ALJ Ausems notes that Dr.

Pollack's conclusions conflict with Dr. Everhart's objective testing.  (Tr. 28.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING ~ 18

1    ALJ Ausems' reasons for rejecting Dr. Pollack's opinion are not supported

2    by substantial evidence in the record.  Dr. Pollack performed the Minnesota

3    Multiphasic Personality Inventory-2.  (Tr. 347.)  Mr. Brillon's score on that test

4    "was not so high as to invalidate the testing."  (Tr. 347.)  Dr. Pollack interpreted

5    Mr. Brillon's test results to suggest a person who often has an "inability to

6    concentrate, confused thinking, and forgetfulness."  (Tr. 347.)  The score also

7    suggested a person who would be inefficient carrying out tasks.  (Tr. 347.)  These

8    findings support the pacing limitations described by Dr. Pollack.  The testing also

9    supported Dr. Pollack's finding that Mr. Brillon would have difficulty accepting

10   criticism from supervisors.  (Tr. 347.)  Given Dr. Pollack's reliance on testing to

11   directly support his conclusions, this Court cannot accept the unreliability of Mr.

12   Brillon's subjective complaints as a sufficient basis for ALJ Ausems to reject his

13   opinion.  Furthermore, given the apparent conflict between the testing of Dr.

14   Pollack and Dr. Everhart, a simple contradiction with Dr. Everhart's testing does

15   not provide a sufficient basis for rejecting Dr. Pollack's conclusions that are also

16   based on testing.

17         Generally, where an ALJ fails to provide a basis for rejecting an examining

18   physician's conclusions, those conclusions are to be credited.  *Lester*, 81 F.3d at

19   834.  However, the Ninth Circuit has not always followed this advice.  *E.g.*

20   *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  Other courts have

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING ~ 19

recognized the apparent tension between the circuit's jurisprudence and the continuing discretion of the district courts to remand when appropriate.  *E.g. Barbato v. Comm'r of Soc. Sec. Admin.*, 923 F. Supp. 1273 (C.D. Cal. 1996). Where, as here, there are two contradictory opinions offered by two examining psychologists,, this Court would be implicitly rejecting an examining physician's opinion without providing any basis since the Court has concluded that the ALJ's rejection of Dr. Pollack's opinion is not supported by substantial evidence in the record.  It is the role of the ALJ to weigh competing evidence, not this Court. This case must be remanded for a new ALJ to conduct a new hearing in order to appropriately weigh the medical evidence.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Plaintiff's motion for summary judgment, **ECF No. 14**, is **GRANTED**.

2. The Defendant's motion for summary judgment, **ECF No. 23**, is **DENIED**.

3. This case is **REMANDED** for a new hearing before a new ALJ.  The ALJ shall order a new consultative psychological examination to aid in resolving any inconsistencies between the opinions of Dr. Everhart and Dr. Pollack.

4. **JUDGMENT** shall be entered for the Plaintiff.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING ~ 20

1      **IT IS SO ORDERED**.

2          The District Court Clerk is hereby directed to enter this Order, to provide

3   copies to counsel, and to close this file.

4          **DATED** this 8th day of November 2013.

5

6                                        *s/ Rosanna Malouf Peterson*

7                                        ROSANNA MALOUF PETERSON
                                         Chief United States District Court Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING ~ 21